IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA PAPA, | ) |
| Plaintiff, | ) |
| | ) 2:20-cv-1585-NR |
| v. | ) |
| | ) |
| CORAOPOLIS BOROUGH, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Amanda Papa, who is proceeding *pro se*, filed this lawsuit in the Allegheny County Court of Common Pleas. In her complaint, Ms. Papa pled claims for false arrest, negligence, defamation, and malicious prosecution related to her arrest by the Coraopolis Borough Police Department. The Defendants subsequently removed the case to this Court, asserting that Ms. Papa's claims present a federal question within this Court's jurisdiction. After reviewing Defendants' notice of removal, the Court issued a show-cause order, directing Defendants to show cause why the case should not be remanded and, specifically, to identify the federal question they believed to be at-issue. Defendants responded on December 17, 2020. After careful consideration, the Court now finds that the case must be remanded to state court.

Federal district courts have limited jurisdiction. They "may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). What's more, "removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Manning v. Merill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014). Thus, a defendant who removes a case "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Id*. Remand to state court is "required" if, at any time before final judgment, "it

appears that the district court lacks subject matter jurisdiction" over a removal case. *Hoffman v. Nutraceutical Corp.*, 563 Fed. App'x 183, 185 (3d Cir. 2014). The Court may raise the lack of subject matter jurisdiction and remand a removal case *sua sponte*. *See Doe v. Blair*, 819 F.3d 64, 66–67 (4th Cir. 2016) ("Under this statutory scheme, a district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time[.]").

Here, Defendants have invoked the Court's original jurisdiction to hear cases "arising under" federal law. 28 U.S.C. § 1331. But as the Court noted in its show-cause order, Ms. Papa's complaint does not appear to reference any federal law and asserts various tort claims that exist under Pennsylvania law. Defendants' response to this concern is that claims for false arrest and malicious prosecution are "recognized federal claim[s]" that can be asserted in an action under 42 U.S.C. § 1983. That is true. But as Defendants admit, "Pennsylvania law also recognizes a claim for false arrest" and "a claim for malicious prosecution." ECF 12, ¶¶ 3, 10. Ms. Papa is "the master of [her] complaint," and she "may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987). Ms. Papa's complaint gives no indication that she is pursuing false-arrest and malicious-prosecution claims under federal law, rather than state law. And the fact that she otherwise asserts purely state-law claims and elected to file her case in state court provides at least some evidence that she is not. If any doubt remains, it must "be resolved in favor of remand." *Manning*, 772 F.3d at 162. The Court will therefore remand this case to state court for lack of subject-matter jurisdiction.

**AND NOW**, this **18th day of December, 2020,** upon consideration of Defendants' Response to Order to Show Cause (ECF 12), it is **HEREBY ORDERED** as follows:

- 3 -

(1)     The case is **REMANDED** forthwith to the Court of Common Pleas of Allegheny County, Case No. GD-20-005998, for all further proceedings.

(2)     The Clerk is directed to close this case.

BY THE COURT

/s/ *J. Nicholas Ranjan*
United States District Judge
